947 F.2d 951
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNION PACIFIC RAILROAD COMPANY; Oregon-Washington Railroad
and Navigation Company; Camas Prairie Railroad
Company, Plaintiffs-Appellants,
v.
DEPARTMENT OF REVENUE OF THE STATE OF WASHINGTON; Board of
Tax Appeals of the State of Washington; State of
Washington, Defendants-Appellees.
 No. 91-35361.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1991.
Decided Nov. 8, 1991.
 
 Before EUGENE A. WRIGHT, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Union Pacific appeals the district court's denial of its request for a preliminary injunction against collection of its 1989 taxes. The railroad argues that the reference of its motion to a special master was improper and that the order should be vacated. We agree.
 
 
 3
 Given the virtual identity between the facts presented here and in Burlington Northern R.R. Co. v. Department of Revenue, 934 F.2d 1064 (9th Cir.1991), we vacate the appointment of the special master and reverse the district court's denial of a preliminary injunction.[1] We are unpersuaded by the Department's contention that Union Pacific waived its objection to the reference.
 
 
 4
 Here, as in Burlington Northern, 934 F.2d at 1070, Union Pacific's objection was filed promptly, well before the master heard arguments or issued his decision. Although Union Pacific failed to pursue consideration of its objection until after the court affirmed the master's order, we upheld a similar procedure in Burlington Northern, stating that failure to pursue the objection did not violate the policy that frowns upon objections made only after an unfavorable result is rendered. Id.
 
 
 5
 The Department's argument that Union Pacific had "constructive notice" of the reference is unconvincing. Union Pacific was arguably aware that Judge Bryan referred Burlington Northern's case to a special master. Such awareness does not require Union Pacific to make an objection before the court gave notice of its intention to refer Union Pacific's case. Once it is recognized that Union Pacific could not have objected to a reference before it occurred, the constructive notice argument fails.
 
 
 6
 The Department's argument that Union Pacific waived its objection when it opposed the Department's motion for a stay of the reference also fails. A party is not required to sit idly by after making an objection. Nor is it required to take affirmative steps to obtain a ruling on its objection prior to the master's preliminary injunction decision. Id. Union Pacific was not required to abandon its suit or to acquiesce in temporizing motions filed by its opponent. Union Pacific's objection to the motion for stay of reference, even when considered with its other actions herein, did not amount to a waiver of its right to object to the reference.
 
 
 7
 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We decline the Department's invitation to decide what standard should be used to determine whether a preliminary injunction should issue because it is unnecessary to our decision today